**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARISSA OVASSAPIAN,

    Plaintiff,

    v.

MONK FRUIT CORP., and PAUL
PASLASKI,

    Defendants.

Case No. 25-cv-02953

**<u>JURY TRIAL DEMANDED</u>**

**<u>COMPLAINT</u>**

Plaintiff, Marissa Ovassapian, by and through her undersigned counsel, states as follows as her Complaint against Defendants Monk Fruit Corp. and Paul Paslaski:

**<u>NATURE OF ACTION</u>**

1. This is an action for damages caused by Defendants violations of the Equal Pay Act, the Illinois Human Rights Act, the Illinois Equal Pay Act, and the Illinois Wage Payment and Collections Act.

2. Plaintiff, Marissa Ovassapian, was subjected to unequal pay, unpaid wages, unlawful sex and religious-based discrimination, and retaliation during her employment with Defendant, Monk Fruit Corp., culminating with her termination on December 5, 2024.

**<u>PARTIES</u>**

3. Plaintiff, Marissa Ovassapian, is an Illinois citizen, resident of Lake County, and was formerly employed by Defendant Monk Fruit Corp. in Illinois.

4. Defendant, Monk Fruit Corp. ("MFC"), is a Delaware corporation that, at all relevant times, was registered to do business in Illinois and regularly and continuously was and is doing business in Illinois and in this District.

5. Defendant, Paul Paslaski, is an Illinois citizen, believed to reside in Lake County, is MFC's current Vice-President of Sales and Marketing, and at all relevant times was Ovassapian's ultimate boss.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this matter arises under the Constitution, laws, or treaties of the United States.

7. Further, this Court has jurisdiction over Ovassapian's claims under Illinois law pursuant to 28 U.S.C. § 1367(a), as her other claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because the acts complained of all took place in this District, and at all relevant times, Ovassapian was employed by MFC and worked for MFC in this District.

## FACTUAL BACKGROUND

9. Ovassapian began working for MFC in 2018.

10. Ovassapian's most recent position with Respondent was as an Operations Manager.

11. At all relevant times, Ovassapian met MFC's legitimate performance expectations.

2

12. During her employment, Ovassapian was treated differently than similarly situated Male employees in several ways.

13. For example, during her employment, Ovassapian learned that Male employees doing substantially similar work to Females were paid a higher salary.

14. Further, Female employees, included Ovassapian, faced increased scrutiny and criticism for raising concerns about a lack of management support, where Male employees making similar complaints faced no consequences.

15. When Female employees, including Ovassapian, raised a potential holiday schedule, her ultimate MFC boss, Defendant Paul Paslaski ("Paslaski"), yelled at and treated Females with disdain, where Male employees raising the same question were responded to in a normal, calm manner.

16. Male employees were granted additional vacation days, while Female employees only received additional days after raising the issue.

17. MFC's Paslaski required Female employees, including Ovassapian, to work in the office on certain days while Male employees were allowed to work from home.

18. In advance of tradeshows, MFC's Paslaski required Female employees to pack and prepare on their personal time, while Male employees were allowed to leave work early or work from home for the same purposes.

19. MFC's Paslaski required Female employees, including those in management roles such as Ovassapian, to do clerical work for Paslaski that was not part of their job responsibilities, while Male employees in less critical and non-management roles were not.

20. As a final example, MFC's Paslaski accused Female employees of getting emotional, irrational, or easily offended in conversations where Male employees in the same circumstances are not.

21. During her MFC employment, Ovassapian also faced discrimination on the basis of her religion.

22. MFC's Paslaski maintains a strictly Christian work environment, including removing cultural items such as Buddha statutes which he deems "false idols" that will not be worshipped in the workplace.

23. MFC's Paslaski accused Ovassapian of not being Christian enough and not valuing her religion as strongly as him and other "devout Christians" based on the language she used in the workplace.

24. During her employment Ovassapian also regularly complained to Defendant Paslaski and MFC management that she was being underpaid and, because of her work performance, should be entitled to a bonus.

25. On December 5, 2024, MFC, through Paslaski, terminated Ovassapian without explanation.

26. The real reason for MFC's termination of Ovassapian was discrimination on the basis of her sex, religion, and in retaliation for raising concerns about her workplace treatment, including complaints made to Paslaski about compensation, as described above.

27. At the time of her termination, MFC owed Ovassapian a final paycheck for her last period of work. That earned compensation remains outstanding.

28. In addition, per past practice, Ovassapian was entitled to a $15,000 annual bonus based on her 2024 performance. That earned bonus remains outstanding.

4

29.     As a direct and proximate result of MFC's illegal termination and discriminatory underpayment, Ovassapian has suffered, and will continue to suffer, monetary losses, stress, pain and suffering, and emotional damages.

30.     Ovassapian timely filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR) on or about February 6, 2025.

31.     On or about March 6, 2025, pursuant to 775 ILCS 5/7A-102(C-1), the IDHR issued Ovassapian a "Notice of Opt Out of the Investigative and Administrative Process, Right to Commence An Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Notice of Administrative Closure."

32.     In filing this Complaint within 90 days of March 6, 2025, Ovassapian has timely filed the present lawsuit and has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS

### COUNT I
**(Violations of the Equal Pay Act as to MFC)**

33.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 33 of Count I of her Complaint.

34.     At all times alleged, the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Equal Pay Act") was in full effect and binding on Defendant.

35.     Pursuant to the Equal Pay Act, Ovassapian has a legal right to be compensated equally as her Male co-workers in the same establishment for equal work on jobs requiring substantially equal skill, effort, and responsibility, performed under similar working conditions.

36.     Defendant violated provisions of the Equal Pay Act when it failed to provide compensation to Ovassapian equal to her Male counterparts for equal work on jobs requiring substantially similar skill, effort, and responsibility, performed under similar working conditions.

37.     As a direct and proximate result of MFC's willful underpayment, Ovassapian has suffered, and will continue to suffer, monetary losses, including but not limited to compensation, bonuses, and benefits, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that this Court enter judgment in her favor on Count I of her Complaint; award her back pay and compensatory damages for her losses from the date of her underpayment until the date of any judgment, and front pay into the future; award her liquidated damages; award her reasonable attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award her such other and further relief as this Court deems just and proper.

## <u>COUNT II</u>
### (Fair Labor Standards Act Retaliation as to MFC)

38.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 38 of Count II of her Complaint.

39.     At all times alleged, Section 215(a)(3) of the Fair Labor Standards Act ("FLSA") was in full effect and binding on Defendant. 29 U.S.C. 215(a)(3).

40.     That statutory section prohibits an employer, such as MFC, from retaliating against an employee, such as Ovassapian, for engaging in protected activity related to her wages, including opposing practices made unlawful by the FLSA

41.     Ovassapian opposed such practices by regularly complaining to her boss, Paslaski, and others in MFC management about the discriminatory compensation practices.

42.     In response, MFC retaliated against Ovassapian and terminated her employment.

43.     As a direct and proximate result of MFC's retaliation, Ovassapian has suffered, and will continue to suffer, monetary losses, including but not limited to compensation, bonuses, and benefits, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that this Court enter judgment in her favor on Count II of her Complaint; award her back pay and compensatory damages for her losses from the date of her underpayment until the date of any judgment, and front pay into the future; award her liquidated damages; award her reasonable attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award her such other and further relief as this Court deems just and proper.

## COUNT III
**(Sex discrimination in violation of
the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* as to MFC)**

44.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 44 of Count III of her Complaint.

45.     Ovassapian was a "person" within the meaning of the Illinois' Human Rights Act (the "Act").  775 ILCS 5/1-103(L).

46.     At all relevant times, Ovassapian was an "employee" within the meaning of the Act.  775 ILCS 5/2-101(A).

47.     MFC was a "person" within the meaning of the Act, including Defendant's management employees who, at all relevant times, were acting within the scope of the express and/or implied authority of Defendant in dealing with Ovassapian.  775 ILCS 5/1-103(L).

48.     At all relevant times, MFC was an "employer" within the meaning of the Act. 775 ILCS 5/2-101(B).

49.     It is a civil rights violation under the Act for any employer, such as MFC, "to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102.

50. Here, MFC discriminated against Ovassapian during her employment, as described above, and ultimately terminated her, in whole or in part on the basis of her sex.

51. As a direct and proximate result of MFC's discriminatory conduct, Ovassapian has suffered, and will continue to suffer, monetary losses, severe anxiety, stress, pain and suffering, and emotional damages.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that this Court enter judgment in her favor on Count III of her Complaint; order her reinstatement with the same seniority status that she would have had, but for the violations; award her back pay and compensatory damages for her losses from the date of her wrongful termination until the date of any judgment, and front pay into the future; award her sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award her punitive damages; award her reasonable attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award her such other and further relief as this Court deems just and proper.

**<u>COUNT IV</u>**
**(Religious discrimination in violation of**
**the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* as to MFC)**

52. Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 52 of Count IV of her Complaint.

53. Ovassapian was a "person" within the meaning of the Illinois' Human Rights Act (the "Act"). 775 ILCS 5/1-103(L).

54. At all relevant times, Ovassapian was an "employee" within the meaning of the Act. 775 ILCS 5/2-101(A).

55. MFC was a "person" within the meaning of the Act, including Defendant's management employees who, at all relevant times, were acting within the scope of the express and/or implied authority of Defendant in dealing with Ovassapian. 775 ILCS 5/1-103(L).

56. At all relevant times, MFC was an "employer" within the meaning of the Act. 775 ILCS 5/2-101(B).

57. It is a civil rights violation under the Act for any employer, such as MFC, "to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102.

58. Here, MFC discriminated against Ovassapian during her employment, as described above, and ultimately terminated her, in whole or in part on the basis of her religion.

59. As a direct and proximate result of MFC's discriminatory conduct, Ovassapian has suffered, and will continue to suffer, monetary losses, severe anxiety, stress, pain and suffering, and emotional damages.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that this Court enter judgment in her favor on Count IV of her Complaint; order her reinstatement with the same seniority status that she would have had, but for the violations; award her back pay and compensatory damages for her losses from the date of her wrongful termination until the date of any judgment, and front pay into the future; award her sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award her punitive damages; award her reasonable attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award her such other and further relief as this Court deems just and proper.

**COUNT V**
**(Violations of the Illinois Wage Payment and Collection Act,**
**820 ILCS 115/1, *et seq*. as to MFC and Paslaski)**

60.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 60 of Count V of her Complaint.

61.     As defined under the Illinois Wage Payment and Collection Act (the "IWPCA"), Defendants MFC and Paslaski are both "employers" and Ovassapian was an "employee." 820 ILCS 115/2, 115/13.

62.     Pursuant to the IWPCA, Defendants were required to pay their employees "wages" in the amount agreed to or contracted to between that employee and employer.

63.     The IWPCA defines "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2.

64.     Further, under the IWPCA, an employer is required to pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS 115/5.

65.     Payments to separated employees shall be termed "final compensation" and include wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the parties. 820 ILCS 115/2.

66.     At the time of her termination, MFC owed Ovassapian a final paycheck for her last period of work. That earned compensation remains outstanding.

10

67.     Defendant Paslaski, with knowledge of the IWPCA and knowledge that sums were due and immediately payable to Ovassapian, has refused to make those payments.

68.     As a result, pursuant to 820 ILCS 115/13, Paslaski is also an "employer" of Ovassapian, as defined under the IWPCA, and is personally liable for the violations.

69.     Defendants' conduct complained of herein and described above constitute violations of the IWPCA, entitling Ovassapian to her outstanding wages and other damages.

**WHEREFORE** Plaintiff, Marissa Ovassapian, and pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, respectfully asks that this Court enter an Order granting judgment in her favor on Count V; ordering Defendants to pay Ovassapian her actual and compensatory damages arising from Defendants' violations of the Illinois Wage Payment and Collection Act; 5% of the amount of underpayments commencing on or before December 5, 2024, for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS 115/14; award her all legal and equitable relief as may be appropriate, including sufficient funds to compensate her for her losses; award her punitive damages not otherwise specified herein; award her reasonable attorneys' fees, and the cost of this action; pre-judgment and post-judgment interest; and, award her such other and further relief as the Court deems just and proper.

### COUNT VI
**(Retaliation in Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. as to Monk Fruit Corp. and Paslaski)**

70.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 70 of Count VI of her Complaint.

11

71.     As defined under the Illinois Wage Payment and Collection Act (the "IWPCA"), Defendants MFC and Paslaski are both "employers" and Ovassapian was an "employee." 820 ILCS 115/2, 115/13.

72.     As detailed above, Ovassapian complained to Defendants regarding her compensation, including Defendants' failure to adequately and fairly compensate her in light of the salary of similarly situated Male employees.

73.     The IWPCA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing]" against an employee who complains that she has not been paid her full compensation. 820 ILCS 115/14(c).

74.     Defendants' termination of Ovassapian, in response to her complaints of underpayment, is retaliation in violation of the IWPCA. *Id*.

75.     As a direct and proximate result, Ovassapian has been damaged and is statutorily entitled to "all legal and equitable relief as may be appropriate" including her "costs and all reasonable attorney's fees." *Id*.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that the Court enter judgment in her favor on Count VI of her Complaint; award her all legal and equitable relief as may be appropriate, including sufficient funds to compensate her for her losses; emotional pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award her compensatory and punitive damages not otherwise specified herein; award her reasonable attorneys' fees, and the cost of this action; pre-judgment and post-judgment interest; and, award her such other and further relief as the Court deems just and proper.

## COUNT VII
**(Violations of the Illinois Equal Pay Act of 2003 as to MFC)**

76.     Ovassapian re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-32, above, as Paragraph 76 of Count VII of her Complaint.

77.     At all relevant times, MFC was Ovassapian's employer, as defined by the Equal Pay Act of 2003 (the "Pay Act"). 820 ILCS 112/5.

78.     At all relevant times, Ovassapian was an employee under the Act. *Id*.

79.     As detailed above, Ovassapian inquired and discussed her wages and compensation with MFC.

80.     All Ovassapian's discussions and inquiries were regarding "wages," which is defined to include: "any compensation made to an employee as remuneration for employment..." Ill. Admin. Code tit. 56, § 310.120.

81.     MFC's termination of Ovassapian, in whole or in part in response to her wage complaints, violated the Pay Act, which makes it unlawful for "any employer to discharge ...any individual for inquiring about, disclosing, comparing, or otherwise discussing the employee's wages or the wages of any other employee." 820 ILCS 112/10(b).

82.     As a direct and proximate result of MFC's violation of the Pay Act, Ovassapian has suffered compensatory and other damages.

**WHEREFORE**, Plaintiff, Marissa Ovassapian, respectfully asks that the Court enter judgment in her favor on Count VII of her Complaint; award her compensatory and special damages available; award her all legal and equitable relief as may be appropriate, including sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award her punitive damages not otherwise specified herein; award her reasonable attorneys' fees, and the cost of this action; pre-judgment

and post-judgment interest; and, award her such other and further relief as the Court deems just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Dated: March 20, 2025                    **RESPECTFULLY SUBMITTED**,

By: /s/ Ethan E. White

**EMERY LAW, LTD.**
Ethan E. White
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
(630) 984-0339 (direct)
ewhite@emerylawltd.com